Weldon, J.,
delivered the opinion of the court:
The petition embraces three causes of action, first, a claim for fees as receiver of public moneys at Oklahoma, in the Territory of Oklahoma, earned between the 15th of July, 1890, and the 1st of September, 1890; second, fees “which he (claimant) was required to make good in contested land cases from time to time, which amounted in the aggregate to sixty-eight dollars, and for which he has not been allowed or paid any partin the settlement of accounts;” third, as alleged in this petition, that, “ to wit, on the 28th of September, 1890, at the city of Oklahoma, the Government safe of the receiver of public moneys and in his office, which contained moneys of the United States received by him as receiver, was blown open by burglars, and all the moneys therein were robbed and taken therefrom, and that the moneys of the United States, being the receipts of said land office there deposited in said safe in the sum of $138.27, were then and there stolen and robbed, and that in depositing said sum your petitioner exercised the care of a prudent business man in and about his.own business affairs; that after the taking he demanded that his accounts *57 should be credited for the amount of the said loss, which was refused by the accounting officers of the Government.”
The serious contention arises on the claim for salary and fees earned from the 15th of July, 1890, the date on which claimant left the State of Pennsylvania, and the 1st day of September, 1890.
The land office of which he was receiver was opened for the transaction of business on the 1st day of September, 1890, pursuant to a notice given by the register and receiver thirty days prior to said time.
The notice and order of the General Land Office establishing an office at said place was made on the 11th of June, 1890, in which it is stated:
“ Further notice of the precise date when the office at Oklahoma will be opened for the transaction of public business will be given by the register and receiver of the district by publication.”
The claimant left his home in Pennsylvania and arrived at Oklahoma on the 18th day of July, and from that time, it is insisted, he commenced his services as receiver, and not from the 1st of September, when the office was opened for the loca-tain and sale of land. The defendants insist that his term of service commenced when the office was opened for the entry and sale of land, and from that time they have allowed his compensation.
The Commissioner of the General Land Office construed the law in favor of the claimant’s right to compensation from the time he arrived at Oklahoma and entered upon the discharge of the preliminary service incident to the opening of the office; but in that construction the Comptroller did not concur, and the result was that in the settlement of the accounts the compensation was allowed from the 1st of September. On the ,18th day of July, that being about the time the claimant arrived at the post of duty, he received a communication from the Commissioner of the General Land Office, in which was inclosed the notice of the establishment of tho office at Oklahoma City. The letter in geñeral terms defined certain services to be performed by the claimant before the opening of the office for the entry and sale of land, and in pursuance of that letter the claimant commenced the performance of certain *58 services pirelimniary to tbe opening of the office on the 1st day of September following.
It is shown in finding’vi, that on the lOtli of July tlie claimant was verbally directed by tlie Commissioner of the General Land Office to go to Oklahoma as speedily as possible, and make tlie necessary arrangements to open tlie office. He left bis borne on tbe 15tb, and arrived at Oklahoma City on the 18th of July, and from that time until the 1st of September he was engaged in conferring with the officers of other districts as to the date of opening the office at Oklahoma; fixing and determining the date when the office should be opened; preparing and issuing thirty days’ notice of the opening of the office; overseeing and superintending the preparation of rooms for the office; renting an office; ordering and putting in fixtures; giving information to and receiving instructions from the inspector; attending to the transfer of the records from other offices of the Territory to tlie Oklahoma office; receiving and replying to letters from the different parts of tlie district on public business, and in receiving and replying to letters from the Department.
The letter of the 18th of July, giving instructions as to tlie duty of the claimant in a general way shows what lie was expected to do by the Department, and the acts of the claimant show what he did as preliminary to the discharge of his specific duties commencing on the 1st of September.
In the able argument and brief of the counsel for the defendants it is contended that section 2243 of the Revised Statutes limits the comjiensation of claimant to the time when the office was actually opened for the sale of lands, and that the time from the loth or 18th of July preceding such opening can not be computed in the allowance of fees and salary. There was no controversy between the parties as to the amount, and the only question is, as to what is claimant’s legal right to compensation from the time he entered upon the discharge of his alleged services and the opening of the office. Section 2243 provides: “The compensation of registers and receivers, both for salary and commissions, shall commence and be calculated from the time they respectively enter upon the discharge of their duties.”
The defendants construe the statute in the specification of duties as applicable to a time when the receiver could by the *59 condition of the office earn commissions arising from the entry and sale of land, and that the right to a salary is commensurate in time to the right to commissions. Counsel for the defendants cite section 2234, Revised Statutes, providing for the appointment of a register and receiver; section 2235, providing for the residence of the register and receiver at the place of the land office; section 2237, providing for a salary, and section 2238, providing fees and commissions, as tending-to strengthen the theory of their contention. We do not regard these sections as tending to a construction in favor of the theory of the defendants; they are applicable to subjects which do not affect the question when the official duty of a receiver may commence, except the section providing for a residence; but that question does not arise in this case except as to the time from the 15th of July, when claimant left his place of residence, and the time when he arrived at the place of the location of the office — a period of about three days.
Whatever may be said of the abstract legal right of the plaintiff to recover compensation for the time intervening* between the 18th of July and the 1st of September, he certainly performed meritorious and important service preparatory to the opening of the office on the 1st of September. There were services which had to be performed by some person, as, without their performance, the office could not have been opened on the 1st of September or at any other time. Some of the service could have been performed by any person having the physical ability, as, for instance, the arrangement of the office, and attending to the transfer of the records from other offices. These duties involve simply physical service, but not so with the other service embraced in finding yi. Ro person but the receiver and register could have given the notice under the order of the Commissioner of the General Land Office; no person but the claimant could have given the information to the inspector upon which the inspector could have based his instructions to claimant; the letters which he received on public business and his correspondence with the Department were services peculiar to himself, grew out of his official character, and were dependent for their performance upon his official relation with the duties of receiver.
The statute requires him to reside at the place of the office; *60 in legal contemplation the office as a place for the discharge of public business was by the act of the President established at Oklahoma, and to that place he repaired on the 15th of July and remained in the performance of the service enumerated in finding vi until the opening of the office on the 1st of September.
The preliminary services from their very nature were necessary, and had to be performed by some person antecedent to-the performance of the undoubted duties of the claimant, to wit, “of receiving public moneys.” Is it certain that giving information to the inspector and receiving instructions are no part of his duties as receiver"? It is true the law presumes that every person upon his appointment is substantially competent to discharge the duties of his office, but that applies more particularly to the general duties; there may be details in the business of the office that require special instruction, so that the mere routine of business may become familiar to the incumbent. The land office from the character of its business, and the fact that instructions are given by an inspector, may be assumed to be a position which requires special information and direction preparatory to the successful discharge of its more important duties.
We have not been able to find a statute making it the special duty of any particular officer connected with the Land Department to perform the service indicated in the finding. In the appropriation act of July 11, 1890, there is a provision—
“For per diem in lieu of subsistence of inspectors, of clerks detailed to investigate fraudulent land entries, trespass upon the public lands and cases of official misconduct, and also clerks detailed to examine the books of and assist in opening new land offices while traveling on duty at a rate to be fixed by the Secretary of the Interior, not exceeding three dollars per day, and for actual necessary expenses of transportation, ten thousand dollars.” (26 Stat. L., 257.)
It will be seen by the terms of this statute that the clerks are “to assist in opening new land offices,” but are not made the exclusive persons who perform that duty. It does not appear that a clerk assisted in the opening of the office at Oklahoma; but if such assistance was rendered, it would not be to the exclusion of the agency and service of the claimant.
In a matter involving the question as to when the pay of a public officer commences, to wit, marshal of a consular court *61 at Shanghai was referred by tbe State Department to the Attorney-G-eneral, who said in reply:
“And, except where it is so directed by the statute, I do not think that the salary of a public officer, whose duties require him to leave the countiy, should be withheld until he reaches the field of service. Every person appointed to an office of that kind has preliminary duties to perform before he leaves the country, and after he has taken the official obligation in the manner prescribed bylaw, as by making oath and giving bond,, the time and labor devoted to those preliminary duties, as well as the time occupied in reaching his official post, are just as much spent in the public service as though he were already at that post exercising its more immediate functions.”
It has been held by this court in the case of Moore (4 C. Cls. R., 314):
“In the construction of statutes which fix the compensation of public officers the rule, of interpretation as held by the courts is that when the words of the statute are loose and obscure and admit of two meanings they should be construed in favor of the officer.”
Without assuming that the statute comes within the definition of the statute it may be said that in this matter the officers, of the Interior Department and the officers of the Treasury Department differed most radically on the question of the claimant’s right to recover.
The statute does not specifically define the duties of a receiver; but it must be assumed that his general and most important duties do not commence until the opening of the office when land is subject to entry and sale. The statute evidently intended to prevent the payment of salary and the consequent right of fees until he entered upon the discharge-of some duty, which would prevent the right of pay founded upon the mere legal right in the office of receiver. Salaried officers are as a general proposition entitled to pay as an incident to the right of office, which becomes consummate as soon as they are commissioned as such and perform whatever conditions the law requires before induction into office. The law can not measure the importance and value of service, or the performance of duty, and while what the claimant did before the 1st of September measured by the importance of what he did afterwards is rather unsubstantial, yet if they constituted official duty their performance entitle him to recover. The Commissioner and the claimant were acting upon the theory *62 that from tbe 18tb of July to the 1st of September he was engaged in the discharge of duties incident to his office as receiver. Construing the statute as including the performance of duties which may be performed as incident to and necessary to the opening of the office for the transaction of public business, the court holds that the claimant is entitled to date the commencement of the performance of his duties from the 18th of July and not the 1st of September.
As to the other alleged causes of action, there is no right of recovery on the facts. There can be no recovery against the United States for the loss of money by ordinary theft and robbery against the liability of a party on his bond to faithfully account to the United States. The claimant is entitled to recover the sum of $366 as salary and fees for the time from July 18 to September 1, 1890, and for that amount judgment is ordered.