# UNITED STATES *v.* DELANEY.

## APPEAL FROM THE COURT OF CLAIMS.

No. 493. Submitted November 3, 1896. — Decided November 30, 1896.

Doing that which it is necessary to do, in order that a newly created land office may be in a proper and fit condition at the time appointed for opening it for public business, is a part of the official duties of the person who is appointed its register and receiver.

The claimant having entered on the performance of such duties at a new office in Oklahoma on the 18th of July, 1890, and having been engaged in performing them, in the manner described by the court in its opinion, from thence to the 1st of September following, when the office was opened for the transaction of public business, is entitled to compensation as register and receiver during that period.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Dodge* and *Mr. Assistant Attorney Gorman* for appellants.

*Mr. W. W. Dudley, Mr. L. T. Michener, Mr. John C. Chaney* and *Mr. J. R. Garrison* for appellee.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This is an appeal from the Court of Claims. It involves simply the question as to the right of the appellee to compensation as register and receiver of the land office at the city of Oklahoma, in the Territory of Oklahoma, from the 18th of July to the 1st of September, 1890.

It appears from the findings of fact by the Court of Claims that the land office at Oklahoma city was first established by an executive order of the President on the 6th of June, 1890. The appellee, John C. Delaney, was duly appointed and commissioned as receiver of public moneys at Oklahoma city on the 23d of June, 1890, and on the 7th of July, 1890, he qualified by taking the oath of office and giving the bond required by law. On the 10th of July, 1890, the claimant was verbally directed by the Commissioner of the General Land Office to

go to Oklahoma as speedily as possible, and make the necessary preparations to open the office at that place. He left his residence in Harrisburg, Pennsylvania, on the 15th and arrived at Oklahoma city on the 18th of July, 1890. The land district at Oklahoma city was taken from parts of the two districts of Guthrie and Kingfisher, and on the 18th of July, 1890, the Commissioner of the General Land Office wrote to appellee at Oklahoma city, stating to him that the officers at Guthrie and Kingfisher had been directed to turn over to him all the plats and records of every description relating to the lands forming his district, and asking him to at once confer with those officers upon the subject. The letter also contained the following: "As soon as the records are received, you will proceed to give notice by publication, as an advertisement, at regular advertising rates, in the newspaper having the largest circulation in your district, once a week for four weeks, of the precise date when your office will be open for the transaction of public business, when the officers at Guthrie and Kingfisher will cease transacting business relating to the lands transferred." Between the 18th day of July (the date of the arrival of the appellee at Oklahoma city) and the 1st day of September, 1890 (the date on which the office was formally opened for the transfer of land and the receipt of money), the appellee was engaged in attending to business pertaining to his office, which had necessarily to be transacted before the date of the formal opening of the office in accordance with the published notice.

Upon this subject the Court of Claims found : "The nature of the services performed by claimant after his arrival and before the 1st of September is as follows: Conferring with the officers of other districts in the Territory from which his district was formed to determine what date to open the office ; preparing and issuing thirty days' notice of the day fixed for opening the office ; overseeing and superintending the preparation of rooms for the office ; getting estimates for the manufacture of cases for the office ; superintending the constructing of fixtures and having them put into the office ; giving information and receiving instructions from the inspec-

tor; attending to the transfer of the records from the other offices of the Territory to that of the Oklahoma office. During said time there was a continuous arrival of letters from different parts of the district as well as letters from the department, which required the attention of claimant up to the 1st of September, 1890."

The land office of which the claimant was receiver was in fact opened for the transaction of business the 1st day of September, 1890, pursuant to the published notice to that effect, thirty days prior to that time, and the claimant insists that he commenced his services as receiver upon his arrival at Oklahoma on the 18th day of July, 1890, while the defendant, the appellant, urges that his term of office commenced when the office was opened for the entry and sale of land, September 1, 1890, and from that time it has allowed him compensation.

The written communication to the claimant from the Commissioner of the General Land Office, dated Washington, July 18, 1890, enclosed to the claimant the notice of the establishment of the office at Oklahoma city, and the letter in general terms defines certain services which were necessary to be performed before the opening of the office for the entry and sale of lands; and in pursuance of that letter the claimant commenced the performance of those services preliminary to the opening of the office. The character of the service has already been stated.

Section 2243, Revised Statutes, provides that "the compensation of registers and receivers, both for salary and commissions, shall commence and be calculated from the time they respectively enter upon the discharge of their duties." The sole question in this case, therefore, is when did the claimant, within the meaning of the above section, "enter on the discharge of his duties"? The claimant had been duly appointed on the 23d of June, 1890. On July 7, 1890, he had qualified by taking the oath of office and giving the bond required by law. The office was newly established and was taken from parts of two other land offices. Pursuant to the directions of the Commissioner of the General Land Office the claimant had left his home in Pennsylvania on the 15th day of July, 1890, and arrived at

Oklahoma city on the 18th of the same month. He at once entered upon the performance of the duties which it was essential should be performed, which pertained to the establishment of and the transaction of business at the new office, which were official in their nature and solely connected with the discharge of the duties of the office to which claimant had been appointed. What is the reason that he had not then, within the meaning of the statute, entered upon the discharge of the duties of his office? It is said that receiving applications and making entries in the public records of the office in regard to the transfer of public land within the district and receiving the moneys of applicants for the purchase of such lands comprise the duties of a register and receiver of a land office at each land district established by law. These are undoubtedly the main duties of an already established land office. Here, however, the office had been but just established by order of the President. The location of chambers in which the business was to be done was part of the duty of the appointee. It was his official duty to see to their being properly furnished and prepared for the transaction of the public business. He had to see or to correspond with the officials of the two land offices from which the one in question had but just been taken. That correspondence was not personal; it was official and it was necessarily connected with the performance of his duties as register and receiver for the newly made district. All of the services performed by the claimant, as found by the Court of Claims and above set forth, were wholly official in their nature, connected solely with the performance of the claimant's duties as an officer, and to our minds were just as much official as would be the entry of an application in the books of the land office or the receipt of money in payment for any portion of the public lands within the district. Doing that which it is necessary to do in order that a newly created land office may be in a proper and fit condition at the time appointed for opening it for the transaction of public business is, as it seems to us, a part of the official duties of the person who is appointed to the office. While it is true that he cannot earn commissions until money

has been paid for lands transferred, and that no transfer can be made until after the formal opening of the office for the entry of applications, that fact can have no legitimate bearing upon the question as to when the register and receiver enters upon the discharge of the duties of his office in a newly created land district. It is said that the salary and commissions of a register and receiver commence at the same time, which is the time when they, respectively, enter upon the discharge of their duties, and that as commissions cannot be earned until work is done upon which commissions can be charged, which is not until after the formal opening of the office, it follows that the salary cannot commence until that time. The argument is not sound. The right to both salary and commissions, it is true, commences when the registers and receivers, respectively, enter upon the discharge of their duties, but a register may enter upon the discharge of his duties under such circumstances as the claimant did in this case before the time arrives for the formal and official opening of the land office to the public, and before the receipt of any moneys upon which commissions might be earned. Otherwise if the salary could not commence to run until the receipt of such moneys, the office might have been formally opened for the transaction of public business and the register have been in attendance thereat for a long time before any moneys were received in payment for any part of the public land, and so he would be without a right to compensation by salary during the time succeeding the opening of his office and up to the time of the receipt of such moneys.

It is unnecessary to enlarge upon the question, as it seems quite plain to us that upon the facts found by the Court of Claims the services performed by claimant after the creation of the new land district and before the formal opening of the land office were official services, and that as early as the 18th of July, 1890, he had entered upon the discharge of the duties of his office, and was in the continuous performance of such duties until after the 1st of September, 1890.

The judgment of the Court of Claims was right, and it is

*Affirmed.*