Williams, Judge,
delivered the opinion of the court:
The plaintiff was commissioned in the rank of ensign in the United States Navy on June 29,1893. He was promoted to the various grades and on July 1, 1931, became a rear admiral. During the period from February 13', 1907, to March 19, 1910, while holding the rank of lieutenant commander, he was detailed for duty and served with the Isthmian Canal Commission on the Isthmus of Panama. Having reached the statutory retirement age of 64 years, he was, on January 1, 1932, transferred to the retired list with rank of vice admiral, in accordance with the provisions of section 3 of the act of March 4, 1915, 38 Stat. 1190 (sec. 1027, title 10, U. S. C.), which reads:
“That such officers of the Army and Navy as were detailed for duty with the Isthmian C%nal Commission on the Isthmus of Panama for more than three years, and who shall not have been advanced in rank by any other provision of this bill, shall be advanced one grade in rank upon retirement: Provided, That any officer of the Army or Navy now on the retired list with similar service shall be immediately advanced one grade in rank on the retired list of the Army or Navy.”
Since retirement plaintiff had received the pay authorized by law for a retired rear admiral of the Navy. He contends he is entitled to receive the pay of a retired vice admiral.
The applicable statutes are:
Section 1274, Revised Statutes (sec. 971, title 10, U. S. C.):
“ Officers retired from active service shall receive seventy-five per centum of the pay of the rank upon which they are retired.”
Section 13 of the act of March 3, 1899, 30 Stat. 1007 (title 34, sec. 865, U. S. C.):
“ That, after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the *238 Medical, and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers $f corresponding rank in the Army: * * *”
Section 1466, Revised Statutes (sec. 241, title 34, U. S. C.):
“ The relative rank between officers of the Navy, whether on the active or retired list, and officers of the Army shall be as follows, lineal rank only being considered:
“ The vice admiral shall rank with the lieutenant general.
“ Rear admirals with major generals.”
Section 1261, Revised Statutes:
“ The officers of the Army shall be entitled to the pay herein stated after respective designations:
^ H*
“ Lieutenant general: Eleven thousand dollars a year.”
The grade of vice admiral in the Navy was established by the act of December 21, 1864, 13 Stat. 420. By the terms of the act the President was authorized to appoint one vice admiral from the active list of rear admirals who “ shall be the ranking officer in.the Navy of the United States, and whose relative rank with officers of the Army shall be that of lieutenant general in the Army.” That part of the act providing that the vice admiral shall be the ranking officer in the Navy was repealed by the act of July 25, 1866, 14 Stat. 222, 223, which provided “ that the number allowed in each grade of the line officers on the active list of the Navy shall be one admiral, one vice admiral, ten rear admirals.” The grades of admiral and vice admiral in the Navy were abolished by the act of January 24,1873,17 Stat. 418, which provided “ that vacancies occurring in the grades of admiral and vice admiral in the Navy of the United States shall not be filled by promotion, or in any other manner whatever; and that when the offices of said grades shall become vacant, the grade itself shall cease to exist.” Since the passage of this act there has been no permanent rank of vice admiral on the active list in the Navy to which an officer of that service could be promoted, although the grade was temporarily reestablished by the act of March 3, 1915, 38 Stat. 941, 942, and was continued by the act of May 22, 1917, 40 *239 Stat. 89, while the officers holding such rank and title were performing certain duties prescribed in the acts. There was therefore no permanent rank or grade of vice admiral in the Navy at the time of plaintiff’s retirement. His rank of rear admiral was the highest to which any officer in that service could be promoted on the active list of the Navy.
It is contended by the defendant that because there was no rank or grade of vice admiral to which plaintiff could be promoted on the active list, there is no law authorizing him to receive the pay of a retired vice admiral. We think this contention ignores the plain provisions and the manifest intent and purpose of the act of March 4, 1915, supra. The title of the act is: “An act to provide for recognizing the services of certain officers of the Army, Navy, and Public' Health Service for their services in connection with the construction of the Panama Canal, to extend to certain of such officers the thanks of Congress, and for other purposes.” The first section extends the thanks of Congress to certain members of the Canal Commission by name, for distinguished service in the construction of the Canal. Section 2 authorizes the President, with the advice and consent of the Senate, to advance in rank the officers named in section 1. Section 3, above quoted, provides that such officers of the Army and Navy as served a detail of more than three years with the Canal Commission, and were not advanced in rank by other provisions of the act, should be advanced one grade in rank upon retirement. Section 6 provides that any officer of the Army and Navy to be benefited by the act may, upon his own application, be retired by the President at seventy-five per centum of the pay of the rank upon which he is retired.
The plaintiff had more than three years’ service in the Canal Zone under the Canal Commission. He was not advanced in rank by other provisions of the act of March 4, 1915. Upon retirement he was, by the express terms of section 3 of the act, entitled to be advanced one grade in rank on the retired list, which was to that of vice admiral. The fact that the rank of vice admiral was then nonexistent on the active list in the Navy is, we think, immaterial in view of the fact that his retirement with that rank was *240 plainly authorized by law. Having been retired with rank of vice admiral, plaintiff is entitled under the provisions of sections 1261, 1274, and 1466 of the Revised Statutes, heretofore cited, to receive retired pay at the rate of 75 per centum of $11,000 per annum, the pay of a lieutenant general of the Army. To hold otherwise would deprive plaintiff of all benefit whatever of the act of March 4, 1915, which was intended by Congress to confer a special benefit upon all officers of the Navy who performed more than three years’ service with the Isthmian Canal Commission on the Isthmus of Panama. The court cannot construe the words “ all such officers of the Army and Navy ”, used in section 3, to mean all such officers except rear admirals of the Navy. This we would have to do to exclude plaintiff from the benefits of the act.
Major General Jadwin was retired from the Army in 1929, under the provisions of section 3 of the act of March 4, 1915, with the rank of lieutenant general. The rank of lieutenant general in the Army was then nonexistent, having been abolished by the provisions of the act of March 2, 1907, 34 Stat. 1160. The rank was temporarily reestablished by the act of October 6, 1917, 40 Stat. 411, as the rank of vice admiral was temporarily reestablished by similar acts having to do with the Naval Establishment. In holding that General Jadwin was entitled to the retired pay of a lieutenant general, as fixed in sections 1261 and 1274 of the Revised Statutes, the Comptroller General said:
a $ * * However, in any case where by statute the retirement of an officer in the grade of lieutenant general is authorized, the pay fixed in section 1261, Revised Statutes not having been repealed either directly or by inconsistent legislation, the retired pay of the officer as defined in section 1274, Revised Statutes, must be computed thereon as it was in the case'of Generals Miles and Young. * * * ”
We think this is a correct statement of the law and is fully applicable to the instant case. The plaintiff’s retirement in the rank of vice admiral was authorized by the same law that authorized the retirement of General Jadwin from the Army in the rank of lieutenant general, section 3 of the act of March 4, 1915.
*241 The plaintiff is entitled to recover, but the entry of judgment will await the coming in of a report from the Comptroller General of the amount due in accordance with this opinion. .
It is so ordered.
Whaley, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.