LittletoN, Judge,
delivered the opinion of the court:
Plaintiff claims that under section 3 of the Act of January 12,1923, 42 Stat. 1130, when that section is interpreted in the light of the entire act and in the light of other relevant statutes, he was and is entitled to additional retired pay of $1,500 per annum inasmuch as that section provided that when a commissioned officer of the Coast Guard who has had forty years’ service shall retire he shall be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement. Plaintiff insists that this was a special provision for the benefit of all commissioned officers of the Coast Guard who had long service and is consistent with the provisions in section 2 of the same act, upon which the defendant relies, which relate generally, and without reference to length of service, to the retired rank and pay of a commandant of the Coast Guard.
On the other hand counsel for defendant insists that section 2 of the Act of January 12, 1923, supra, was a special provision governing the rank and retired pay of any commissioned officer of the Coast Guard, including one who had more than forty years’ service who, at the time of retirement, held a commission and was serving as commandant of the Coast Guard, having the rank and receiving the active-duty pay of a rear admiral (lower half) of the Navy. And it is argued by defendant that section 3 was a general provision relating to all commissioned officers other than commandant who had more than forty years’ service prior to retiring.
The parties are not in disagreement with reference to the well-established rule relating to the interpretation, of the statutes, as stated in Rodgers v. United States, 185 U. S. 83, that “* * * where there are two statutes, the earlier special and the later general — the terms of the general broad enough to include the matter provided for in the special — the fact that the one is special and the other is general creates a presumption that the special is to be considered as remaining an exception to the general, and the general will not be understood as repealing the special, unless a repeal is expressly named, or unless the provisions of the general are *165 manifestly inconsistent with those of the special.” And also as stated in Mutual Life Insurance Company v. Hill, 193 U. S. 551, 558, in which the court said:
* * *. The ordinary rule in respect to the construction of contracts is this: that where there are two clauses in any respect conflicting, that which is specially directed to a particular matter controls in respect thereto over one which is general in its terms, although within its general terms the particular may be included. Because when the parties express themselves in reference to a particular matter the attention is directed to that, and it must be assumed that it expresses their intent, whereas a reference to some general matter, within which the particular may be included, does not necessarily indicate that the parties had the particular matter in thought. * * * The special controlled the general; that which must have been in the minds of the contracting parties controls that which may not have been, although included within the language of the latter stipulation. This is the general rule in the construction of all documents — contracts as well as statutes.
It is also the rule of statutory interpretation that where there are two provisions in the same statute relating to the same matter and the language of the two sections or provisions gives rise to a doubt, or is in any way conflicting, the doubt will be resolved in favor of the later expression in the statute for the reason that it must be presumed that the Congress had the earlier provision in mind when writing the later provision and would, if it had intended that the earlier provision be an exception to the later one, have inserted an exception or so provided to that effect.
We are of opinion, as we shall hereinafter attempt to show, that section 3 of the Act of January 12, 1923, supra, was a special provision and related to a special class of officers which included plaintiff, notwithstanding plaintiff was serving as commandant at the time of his retirement, and that section 2 of the act was a general provision relating to the retirement of any officer while serving as commandant, which, except for the provisions of section 3, would have applied to any officer upon reaching 64 years of age whether he had served forty years or not.
*166 A ratber detailed statement with, reference to the provisions of sections 1, 2, and 3 of the Act of January 12, 1923, is necessary to a clear understanding of the question presented. The Act of January 12,1923, supra, was entitled “An Act To distribute the commissioned line and engineer officers of the Coast Guard in grades, and for other purposes.”
Section 1 provided that the number of permanent commissioned line officers of the Coast Guard authorized by law should be distributed in grades of one commandant, seven captains, twelve commanders, thirty-five lieutenant commanders, thirty-seven lieutenants, and seventy-seven lieutenants (junior grade) and ensigns; that the number of permanent commissioned engineer officers authorized by law should be distributed in grades of one engineer in chief, three captains (engineering), sis commanders (engineering), twelve lieutenant commanders (engineering), twenty-two lieutenants (engineering), and forty-two lieutenants (junior grade) (engineering) and ensigns (engineering); that promotions to the grades created by that act, namely, captain, captain (engineering), and commander (engineering) should be made from the nest lower grade by seniority. Then followed a proviso that lieutenants and lieutenants (junior grade), both line and engineering, might be promoted, subject to esamination as provided by law, without regard to the number or length of service in grade, to such grades in the Coast Guard not above lieutenant commander or lieutenant commander (engineering) as correspond to the permanent ranks and grades that may be attained in accordance with law by line officers of the Regular Navy of the same length of total commissioned service, and officers thus promoted should be estra numbers in their respective grades, which estra numbers should not at any one time esceed twenty lieutenant commanders, fifteen lieutenants, fifteen lieutenant commanders (engineering) and eight lieutenants (engineering), but that no officer should be promoted under this proviso who would thereby be advanced in rank ahead of an officer in the same grade and corps whose name stood above his on the official precedence list. There was a further proviso that captains and captains (engineering) should have the rank of, and be of corresponding grade to, captains in the Navy, and com *167 manders (engineering) should have the rank óf, and be of the corresponding grade to, commanders in the Navy.
Section 2 upon which defendant relies, is quoted in full:
That the title of captain commandant in the Coast Guard is hereby changed to commandant. Hereafter the commandant shall be selected from the active list of line officers not below the grade of commander and shall have, while serving as commandant, the rank, pay, and allowances of a rear admiral (lower half) of the Navy: Provided, That any officer who shall hereafter serve as commandant shall, when retired, be retired with the rank of commandant and with the pay of a rear admiral (lower half) of the Navy on the retired list, and that an officer whose term of service as commandant has expired may be appointed a captain and shall be an additional number in that grade; but if not so appointed, he shall take the place on the lineal list in the grade that he would have attained had he not served as commandant and be an additional number in such grade: Provided further, That the engineer in chief, while so serving, shall have the rank, pay, and allowances of a captain (engineering) in the Coast Guard, and hereafter the engineer in chief shall be selected from the active list of engineer officers not below the grade of lieutenant commander (engineering) : And provided further, That an officer who shall hereafter serve as engineer in chief shall, when retired, be retired with the rank of engineer in chief and with the pay of a captain (engineering) on the retired list, and that an officer whose term of service as engineer in chief has expired may be appointed a commander (engineering) and shall be an additional number in that grade; but if not so appointed, he shall take the place on the lineal list in the grade that he would have attained had he not served as engineer in chief and be an additional number in such grade: And provided further, That a constructor, after ten years’ commissioned service in the Revenue-Cutter Service and Coast Guard, shall have the rank, pay, and allowances of a lieutenant commander, and after twenty years’ commissioned service the rank, pay, and allowances of a commander.
A study of section 2 shows that in it Congress was dealing generally with two of the highest commissioned positions in the Coast Guard — to wit, commandant and engineer in chief — and the promotion to the position of commandant of a captain or a commander with the rank and active-duty pay *168 and allowances, while so serving, of a rear admiral (lower half) of the Navy. The Congress was further dealing generally with the retired rank and pay of any officer without regard to length of service who should thereafter serve as commandant of the Coast Guard. It seems clear that no thought was being given in this section to any right or privilege of commissioned officers to additional rank and compensation by reason of length of service upon retirement while so serving as commandant or engineer in chief. In this connection it should be noted that the first proviso of section 2 dealt not only with the retired rank and pay of any officer serving as commandant and retiring while so serving, but it also dealt with the rank and grade to which such officer should be appointed upon expiration of his service as commandant. The second proviso of section 2 related to the engineer in chief who, while so serving, was to have the rank, pay, and allowances of a captain (engineering) in the Coast Guard, and, like the first portion of section 2 preceding the first proviso, it was provided that such engineer in chief should be selected from the active engineer officers holding the rank and grade of commander or lieutenant commander (engineering) , which was one or two ranks and grades, respectively, below that of captain. The third proviso, relating to any officer serving as engineer in chief, required, in conformity with what had been provided with reference to the commandant, that such officer be retired with the rank of engineer in chief and with the pay of a captain on the retired list. This third proviso likewise specified that if an officer promoted to engineer in chief did not become eligible for retirement until after the termination of his term of service as such engineer in chief, he should be appointed a commander, which was the next lower grade, notwithstanding he may have been a lieutenant commander at the time of his appointment as engineer in chief.
Section 4 of the existing law, Act of April 12,1902, 82 Stat. 100, provided that “when any officer in the Revenue Cutter Service [changed in 1915 to Coast Guard] has reached the age of sixty-four years he shall be retired by the President from active service.”
*169 From what has been said, it is plain that section 2 was a general rather than a special provision applying in general terms to the appointment of any officer of the grades mentioned to the positions of commandant and engineer in chief, and to the retirement and the retired rank and pay of such officers while holding such positions upon reaching the age of sixty-four years, regardless of the number of years they had served. In the absence of any further provision in the statute with reference to retired rank and pay by reason ol length o.f service, it is obvious that under the provisions of section 2 plaintiff would have received only the retired pay of a rear admiral (lower half) of the Navy, which was three-fourths of $6,000.
A study of the language of section 2 further convinces us that the first proviso of the section relating to the retirement of a commandant was intended primarily and wholly to prevent an officer upon reaching the age of 64 and while serving as commandant from being retired in the rank and grade in which he was serving at the time of his promotion to commandant and to remove any doubt that might arise in that connection because of the statement immediately preceding the proviso that the commandant should be selected from the-active list of captains or commanders “and shall, while so serving as commandant, have the rank, pay and allowances of a rear admiral (lower half) of the Navy.” [Italics ours.] In view of this language, an officer reaching the compulsory retirement age of sixty-four while serving as commandant might not have been entitled to three-fourths of the pay of a rear admiral (lower half) since after retirement he would not be “serving as commandant.” To remove all doubt as to this and to fix the rank and grade of an officer whose term of service as commandant ended before he reached the age of retirement, the first proviso of section 2 was inserted. The third proviso had the same purpose and did the same with reference to the engineer in chief. Cf. Remey v. United States, 88 C. Cls. 218. These provisos did not, therefore, preclude such commissioned officers from receiving the full benefit of any subsequent special provision in the act based on length of service to which they might be entitled.
*170 Section 3 of the Act of January 12, 1923, supra, provided in full as follows:
That hereafter no commissioned officer of the Coast Guard shall be promoted to a higher grade or rank on the active list, except to commandant or to engineer in chief, until his mental, moral, and professional fitness to perform all the duties of such higher grade or rank have been established to the satisfaction of a board of examining officers appointed by the President, and until he has been examined by a board of medical officers and pronounced physically qualified to perform all the duties of such higher grade or rank: Provided, That if any commissioned officer shall fail in his physical examination for promotion and be found incapacitated for service by reason of physical disability contracted in the line of duty, he shall be retired with the rank to which his seniority entitled him to be promoted: Provided further, That hereafter when a commissioned officer of the Coast Guard who has had forty years’ service shall retire, he shall be placed on the retired list with the rank' and retired pay of one grade above that actually held by him at the time of retirement; and, in the case of a captain, the rank and retired pay of one grade above shall be the rank of commodore and the pay of a commodore in the Navy on the retired list. (Italics ours.)
It should be noted that the commandant and the engineer in chief are specifically mentioned in this section.. First, this section deals with the matter of examination for promotion of all commissioned officers of the Coast Guard to a higher grade or rank on the active list, except to the commandant or to the engineer in chief; second, to the matter of promotion on the active list for retirement purposes of any commissioned officer found incapacitated for service by reason of physical disability contracted in line of duty; and third, and finally, to the unqualified right of any commissioned officer of the Coast Guard who has had forty years’ service to be placed on the retired list with the rank and retired pay of one grade above that actually held by him at the time of retirement. The retirement right granted by section 3, both as to grade and pay based on length of service, is a special provision carved out of the entire act and relates only to a special class of commissioned officers of the Coast Guard, whether or not, at the time of retirement, they are serving as commandant or engineer *171 in chief. There is no basis for argument that there is any exception in section 3 which would exclude from its benefits an officer who has had more than forty years’ service merely because he was holding a commission and was serving at the time of his retirement as commandant with the rank and active-duty pay of a rear admiral (lower half) of the Navy, or as engineer in chief with the rank and active-duty pay of a captain in the Coast Guard. We cannot engraft upon the plain language of section 3 an exception which would materially change its meaning and purpose, as plainly disclosed by the language used. Leys v. United States, 80 C. Cls. 235, 239. The provision is mandatory and leaves nothing to be determined, except whether or not the officer being retired has had forty years’ service. The right given by section 3 to those commissioned officers who had served forty years at the time of retirement was remedial and plainly in addition to the rights expressly granted by section 2 to officers who might be appointed and serve as commandant or engineer in chief. It should be liberally interpreted and applied. United States v. Landram, 118 U. S. 81, 85; American Tobacco Co. v. Werckmeister, 207 U. S. 284; United States v. Colorado Anthracite Co., 225 U. S. 219, 223; Delaney v. United States, 31 C. Cls. 44, 61-164 U. S. 282.
In the first part of section 3 Congress excepted from examination a captain or a commander being promoted to commandant, or a commander or a lieutenant commander being-promoted to engineer in chief, and we think it is clear that if Congress had intended to except these officers from the rights and privileges expressly given in the provision which immediately followed it would have used language to express that purpose sufficiently clear so as not to be misunderstood. See Act of June 29, 1906, 34 Stat. 553, 554. Moreover tin* last clause of the second proviso of section 3 expressly supports our interpretation. That clause provided that “ * * * in the case of a captain [the engineer in chief was a captain], the rank and retired pay of one grade above shall be the rank of commodore and the pay of a commodore in the Navy on the retired list.” This was later changed, as will hereinafter appear, and a captain was retired as a rear admiral (lower half). Under the quoted provision it is obvious that *172 an engineer in chief who held the rank of captain and received the active-dnty pay of a captain, would, if he retired while so serving as chief engineer, receive the rank and pay of a commodore of the Navy on the retired list which, for retirement purposes, was one rank and grade in pay above that of captain in the Navy.
Why did Congress insert this clause in the second proviso of section 3 ? Why was a captain specifically mentioned and the commandant holding the rank and receiving active-duty pay of a rear admiral (lower half) not mentioned ? We think the answers to these questions are plain and, when given, show that Congress had in mind and intended that any commissioned officer of the Coast Guard, including those officers serving as commandant and engineer in chief, should have the retirement benefits granted if, at the time of retirement, they had forty years’ service to their credit.
The answer to the first question is that Congress inserted the clause in the second proviso of section 3 because the next rank above captain on the active list in the Navy was the rank of rear admiral (lower half), but, under existing law (Act of 1899, 30 Stat. 1004, and subsequent acts), there was the rank and grade of pay of commodore in the Navy for retirement purposes only. The rank and pay of a commodore in the Navy on the active list had been abolished, but it was an existing rank in 1923 for retirement purposes for the benefit of those officers on the active list of the Navy who, because of the nature of the service rendered by them prior to retirement, were under separate statutory provisions entitled to be retired in the next higher rank and with the retired pay fixed for a commodore on the retired list.
The answer to the first part of the second question above, as to why a captain in the Coast Guard was specifically men' tioned in the second proviso of Section 3, is that inasmuch as captains in the Coast Guard, both of line and engineering, who had the rank and were of corresponding grade to captains in the Navy would not come within the provisions of existing law entitling a captain in the Navy to be retired with the rank and pay of a commodore on the retired list it was necessary for Congress to make the rank and pay of a *173 commodore in the Navy on the retired list applicable to a captain in the Coast Guard.
Section 9, Act of March 3, 1899, 30 Stat. 1004, relating to retirement of officers in the Navy, provided in the last proviso therein that “ * * * any officer retired under the provisions of this section shall be retired with the rank and three-fourths the sea pay of the next higher grade, including the grade of commodore, which is retained on the retired list for this purpose.”
Other statutes relating to the Navy only and to the right of certain naval officers to be retired with the rank of commodore on the retired list of the Navy and those statutes relating to the Navy which provide for the retirement of a captain of the Navy under certain circumstances with the rank and retired pay of a rear admiral (lower half) of the Navy need not be referred to. It is sufficient to say that it seems clear that Congress considered these statutes when inserting the last clause of the second proviso of section 3 of the Act of January 12,1923. A further reason was given by the Committee on Interstate and Foreign Commerce of the House of Representatives in House Report No. 934, which accompanied the bill which became the Act of January 12, 1923, as follows :
Having in mind the limitation in opportunity for advancement, as compared with that existing in the Army, Navy, and Marine Corps, that will exist in the Coast Guard even under the terms of this bill, it is thought that a commissioned officer, who has served his country faithfully for 40 years should, when retired, have the privilege of retiring in the next higher grade.
The grade next above captain in the Coast Guard will be, under the terms of this bill, that of commandant. A captain of over forty years’ service, but who has never in fact served as commandant, should not have on the retired list the title of commandant; hence, such an officer, under the language in section 3, would have the rank of commodore. The fay of a commodore in the Navy on the retired list is the same as that of a rear admiral {lower half) on the retired list. (Italics ours).
When enacting the second proviso of section 3 we think it is clear that Congress was thinking of - and intending to make *174 provision for retirement of tbe engineer in chief holding the rank and receiving the pay of a captain on the active list, and the commandant holding the rank and receiving the pay on the active list of a rear admiral (lower half) with the rank and retired pay of one grade above that held by them at time of retirement.
The answer to the second part of the question stated above, as to why the commandant holding the rank and receiving the active-duty pay of a rear admiral (lower half) in the Coast Guard was not mentioned, is that it was not necessary to mention him if he had forty years’ service at the time of retirement because the rank and retired pay of one grade above that held by him, if he was retired while holding a commission as commandant, was that of vice admiral, an existing rank on the active list of the Navy with the active-duty pay of $8,000 per annum. The active-duty base pay o.f a rear admiral (upper half) and a vice admiral was the same. Section 8, Act of June 10,1922, 42 Stat. 625.
We have considered the committee reports and legislative history of the Act of June 12, 1923, upon which counsel for defendant places some reliance in the argument that the first proviso of section 2 of the act specifically governs in this case over the provisions in the second proviso of section 3, but we find nothing in that legislative history which conflicts in any way with our interpretations of sections 2 and 3. On the contrary, we think the committee reports support the views hereinbefore expressed. Counsel for defendant refers-to certain statements- made on the floor of the Senate, pp. 150 and 161 of the Congressional Record, 67th Congress, 4th session, but the statements to which reference is made relate-only to section 2 of the Act and not in any way to section 3. Our interpretation of section 2 is in conformity with what was said about that section. The committee reports and the discussion on the floor of Congress show that Congress considered section 2 of the Act to be a general section relating to all commissioned officers, regardless of length of service, who might from time to time serve as commandant or engineer-in chief; and that section 3 was a separate and special provision for the sole benefit of those commissioned officers who at the time of retirement had forty years’ service. The- *175 commandant and the engineer in chief were clearly in this class if they had served forty years.
Counsel for defendant further argues that any possible doubt as to whether section 2 of the Act of January 12,1928, supra, controls plaintiif’s case was removed by the Act of June 9, 1937, amending the first proviso of section 2 of the original Act. But we cannot agree. The Act of 1937 did not take away any rights granted by the Act of 1923 to a retiring officer of the Coast Guard, but only granted additional rights. A study of the Act of 1937 shows that the intent and purpose of the original act with reference to the rights upon retirement of officers having less than forty years’ service and of officers having forty years or more of service remained unchanged, except for the additional rights granted by the amendments.
Before discussing the provisions of the Amendatory Act of June 9, 1937, 50 Stat. 252, reference should be made to the Act of June 25, 1936, 49 Stat. 1924, which first amended section 2 of the Act of January 12,1923, by striking out the first proviso in that section and inserting the following proviso in lieu thereof. “Provided, That any officer who was serving on June 1, 1936, or shall thereafter serve as commandant in the Coast Guard shall, when retired (whether before or after the date of the enactment of this Act), be retired with the rank of Commandant and with the pay of a rear admiral (upper half) of the Navy on the retired list and that an officer whose term of service as Commandant has expired may be appointed a captain and shall be an additional number in that grade, but, if not so appointed, he shall take the place on the lineal list in the grade- that he would have attained had he not served as Commandant and be an additional number in such grade.”
This Amendatory Act left unmodified and undisturbed the provisions of section 3 of the original act of January 12,1923, and if the first proviso of section 2 of the original act had read exactly as it did after it was changed by the Act of June 25, 1936, our conclusion that plaintiff is correct in his claim would be the same. The proviso as amended still remained a general provision relating to the retirement of any officer who was serving as commandant of the Coast Guard on June *176 1,1936, or who should thereafter serve as commandant. But this amended proviso must, like the original proviso, be read and interpreted in connection and consistently with other provisions of the statute contained in section 3 under the well-established rule that one part of the statute should not be lifted from its context and interpreted and applied separate and apart from the statute as a whole. The Amendatory Act of 1936 served only to grant additional retirement benefits. It did not take away any rights of retirement that had been granted under the original act of 1923. Under the Amendatory Act, an officer who retired while serving as commandant and who had, at that time, forty years’ service to his credit was still entitled to the benefits of the second proviso of section 3 of the original act. The only change made by the Amendatory Act of 1936 in the original proviso of section 2 of the 1923 Act was to give an officer who had less than forty years’ service at the time of his retirement while serving as commandant the retired pay of a rear admiral (upper half) of the Navy on the retired list. The only effect of this change upon the original act as a whole was to give a retiring commandant who did not have forty years’ service, and who would not come under the provisions of section 3, the retired pay of one grade above the grade of pay being received by him at the time of retirement, but he was to retain the rank of commandant on the retired list. In substance, therefore, insofar as retired pay was concerned, SO' long as the pay of a rear admiral (upper half) and a vice admiral remained the same, the 1936 Act operated to give all officers retiring while serving as commandant the same retired pay whether they had, at the time of retirement, served forty years or not.
The Act of June 9, 1937, supra, referred to by counsel for defendant, provided in section 1 that section 2 of the Act of January 12, 1923, as amended by the Act of June 25, 1936, supra, be amended by striking out the first proviso of that section and inserting in lieu thereof the following:
Provided, That any officer who has served or shall hereafter serve as commandant, if heretofore or hereafter retired, whether before or at any time after the termination of his service as commandant, shall, if receiving the pay *177 of a rear admiral (upper half) at the termination of his service as commandant, be placed on the retired list with the rank and retired pay of a rear admiral (upper half), or, if receiving the pay of a rear admiral (lower half) at the termination of his service as commandant, shall be placed on the retired list with the rank and retired pay of a rear admiral (lower half), and that any officer whose term of service as commandant has expired may be appointed a captain and shall be an additional number in that grade, but, if not so appointed, he shall take the place on the lineal list in the grade that he would have obtained had he not served as commandant and be an additional number in such grade.
Section 2 of this Act of June 9,1937, provided that section 3 of the Act of January 12, 1923, as amended by the Act of February 28, 1927 (44 Stat. 1261), be amended by striking out so much of the second proviso in that section as followed the semicolon and inserting in lieu thereof the following:
and, in the case of a captain, the rank and retired pay of one grade above shall be the rank and retired pay of a rear admiral (lower half). Any officer of the Coast Guard now having the rank of commodore on the retired list shall hereafter have in lieu thereof the rank of a rear admiral (lower half), without any increase in pay by reason of such change in rank.
The Amendatory Act of February 28, 1927, supra, referred to in the above-mentioned section 2 of the Act of June 9,1937, was not a change in the substance of section 3 of the Act of January 12, 1923. The 1927 Act simply amended section 3 of the 1923 Act by an additional proviso that five designated retired commissioned officers of the Coast Guard “shall have the rank of commodore on the retired list without any increase in pay by reason of the passage of this act.”
What we have said above with reference to the amendment of section 2 of the Act of 1923 by the Act of June 25, 1936, applies to the above-quoted amendment of section 2 by the Act of June 9, 1937. This 1937 amendment, as did the previous one, granted additional rights. It in no way took away or limited the retirement benefits accruing under section 3 of the original act to a retiring commandant having forty years’ service. A reading of the 1937 amendment of *178 section 2 shows that it remained a general provision and that its purpose and effect was to give an officer who had been appointed and thereafter served as commandant retired pay equal to three-fourths of the active-duty pay of a commandant, even though at the time of retirement at sixty-four years of age his term of service as commandant had expired and he had reverted to the rank and grade of a captain on the active list. In addition retired pay was granted to any officer who had theretofore served as commandant but whose service, as such, had terminated prior to retirement and who, because not having forty years’ service at the time of retirement, was entitled under the original act only to the retired pay of a captain. In other words, the 1987 amendment of section 2 gave to any officer retiring with less than forty years’ service who had served as commandant of the Coast Guard at any time since January 12, 1928, the retired pay based on the active-duty pay being received by him at the time of retirement if he was then serving as commandant, or increased retired pay over what he was entitled to under the 1923 Act •and the 1936 amendment if he had been retired after his service as commandant had terminated.
The amendment made by section'2 of the Act of June 9, 1937, to section 3 of the Act of January 12, 1923, which was the first time the second proviso of section 3 of the original act had been changed, serves, in our opinion, to support our conclusion as to the right of all commissioned officers of the Coast Guard, including the commandant and the engineer in chief, to have the rank and receive the retired pay of one grade above that actually held by them at the time of retirement if at such time they had served forty years. The 1937 amendment of section 3 did not take away anything that had originally been given but it simply granted additional bene • fits of rank to a retiring captain of the Coast Guard by giving him the rank and retired pay of a rear admiral (lower half) of the Navy, if at the time of his retirement he had served forty years. Any such previously retired commissioned officer of the Coast Guard having the rank of commodore on the retired list was, by the amendment, given the rank of a rear admiral (lower half) on the retired list with *179 out any increase in pay by reason of such, change in rank. The retired pay of a commodore on the retired list and that of a rear admiral (lower half) was the same.
Plaintiff is entitled to recover and judgment will be entered upon the filing by the parties of a computation showing the amount due.
MaddeN, Judge; JoNes, Judge; and Whitaker, Judge, concur.
Whaley, Chief Justice, concurs in the result.
On March 2,1942, upon a report from the General Accounting Office showing the amount due under the court’s decision of December 1, 1941, supra, judgment was entered for the plaintiff in the sum of $11,635.42.